```
1  Clyde A. Thompson, SBN 72920
2  Rebecca S. Widen, SBN 219207
3  HAAPALA, ALTURA, THOMPSON & ABERN LLP
4  1939 Harrison Street, Suite 800
   Oakland, California 94612-3533
5  Tel:    510-763-2324
6  Fax:    510-273-8570
7
8  Patrick Faulkner
   COUNTY COUNSEL
9  Steven M. Perl, SBN 100074
10 DEPUTY COUNTY COUNSEL
   3501 Civic Center Drive, Suite 303
11 San Rafael, California 94903-522
12 Tel:    (415) 499-6117
13 Fax:    (415) 499-3796
14
15
16 Attorneys for Defendants
   COUNTY OF MARIN, SHERIFF ROBERT DOYLE,
17 BRUCE GARGANUS, PETER VAUGHEY, M.D.
18
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JACOB DAVID NEITZEL, by and through his Conservator Mary Catherine Powers-Neitzel,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MARIN; MARIN COUNTY JAIL; MARIN COMMUNITY MENTAL HEALTH; SHERIFF ROBERT DOYLE in his individual and official capacity of Sheriff of the County of Marin; BRUCE GARGANUS, in his individual and official capacity of Director of Marin County Community Mental Health; DR. VOYE; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS; and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No.: C05 3128 JL<br><br>**STIPULATION AND PROTECTIVE ORDER** |

*Neitzel v. County of Marin, et al./#C 05 3128 JL*
Stipulation And Protective Order

Plaintiffs and Defendants (hereafter the "Parties") will be producing certain materials and information in this action, either by request for production or through an initial disclosure in accordance with Federal Rules of Civil Procedure, Rule 26.

The Defendants believe such documents, materials, and information they will produce are in whole or in part, confidential, security sensitive and privileged, contain information and references to medical, mental health, psychiatric treatment and evaluation records, documents created pursuant to Welfare & Institutions Code § 5150 et seq. that contain references to third parties as involved in plaintiff's mental health, were the victims of plaintiff's domestic violence, or were housed in the special housing unit of the Marin County Jail that maintains custody of mentally or behavior disturbed inmates. Defendants are similarly concerned about protection of records in their custody that are protected from unrestricted disclosure by the Federal Health Insurance Portability and Accountability Act (HIPAA) as it applies to all medical records, regardless of the type. The Defendants further believe that such records contain law enforcement and criminal justice records that include instances of domestic abuse, substance abuse information, and references to others that were arrested and whose in custody status is protected by California Penal Code § 11075, and § 11142 and related Penal Code Sections as witnesses to events involving the plaintiff or who are relatives of the plaintiff that are expected to have an expectation of privacy or confidentiality about information that is not within the public domain. Defendants' position is that these documents described by defendants' counsel, will only be produced for inspection or copying under this protective order.

THEREFORE, IT IS HEREBY STIPULATED by the parties, through their counsel, as follows:

1. All writings (as defined by Federal Rules of Evidence, Rule 1001), materials, and information produced and designated "confidential" by Defendants or Plaintiff (hereinafter referred to as "such writings, materials, or information") shall be securely maintained and kept confidential in accordance with the terms of this stipulation and protective order. Any document designated confidential shall be marked "confidential." The Parties and their counsel

*Neitzel v. County of Marin, et al./#C 05 3128 JL*
Stipulation And Protective Order

1

will act in good faith in designating the writings as "confidential" so as to comply with the requirements of Northern District Local Rule 79-5. If any party, through their counsel, contend that any of the writings designated as "confidential" by an opposing party is not confidential, security sensitive or privileged, then that party and/or counsel must make a proper and timely objection to opposing counsel, meet and confer in an effort to resolve the disagreement, and if the disagreement is not resolved after meeting and conferring bring the issue before the Court for resolution.

2. Counsel for the parties may as appropriate in this action show any such "confidential" writings, photographs, materials, or any copies, prints, negatives, listings or summaries to parties to the action, witnesses and experts or consultants employed by the parties and retained in connection with this specific action. The parties to the stipulation and protective order and counsel shall not give, show, or otherwise divulge any such writings, photographs, materials or information, or the contents or substance thereof, or any copies, prints, negatives, listings or summaries, to any person or other entity except their employees, experts or consultants employed and retained in connection with this specific action.

3. The employees, experts or consultants of the parties in this action to whom such writings, materials or information are intended to be presented, shall before such writings, materials or information are presented to them be given a copy of this stipulation and protective order and shall agree in writing to be bound by its terms. Counsel for the parties to this stipulation and protective order shall maintain a signed acknowledgement of the persons receiving confidential material of having read this Stipulation and Protective Order and each signed acknowledgement shall be available for inspection by the court upon a showing of good cause.

4. All writings submitted to or filed with the Court in connection with this action, which contain, set forth, summarize or otherwise refer to confidential documents, materials or information or their contents, shall be filed with the Court under seal in accordance with the procedures set forth in Northern District Local Rule 79-5. The confidential portions of the

2

Neitzel v. County of Marin, et al./#C 05 3128 JL
Stipulation And Protective Order

documents to be filed with the Court shall be filed in sealed envelopes as set forth in Northern District Local Rule 79-5 which shall not to be opened, nor the contents displayed or revealed to anyone except by express order of the Court. The Court and its employees and designated representatives are permitted to review the contents of such sealed items for the purpose of ruling on any matter before the Court.

5. The parties through their counsel, experts and consultants may only use the writings covered by this order and information contained in them solely in connection with this action, Case No. C05 3128 JL. The parties hereto may also use any confidential documents at trial subject to any confidentiality procedures deemed appropriate by the Court. The parties hereto may also use any confidential documents at any settlement conference or mediation in this case providing that the documents are returned by the mediator or settlement judge at the conclusion of the mediation or settlement conference.

6. Upon completion of the trial and any appeals in this case, or upon conclusion of any settlement, counsel for the parties who have obtained any writings, materials or information under this order shall collect them from all recipients and return them and all copies, lists, prints, negatives or summaries to counsel for the Party that produced the confidential material, or in the alternative, destroy by shredding all documents obtained from opposing counsel or parties and represent in writing to counsel from the party producing all such documents and materials that the records so obtained have been properly destroyed.

7. None of the parties to this action, their counsel nor any of the other persons or entities who have agreed to be bound by the terms of the stipulation and protective order shall hereafter, unilaterally change, limit, vacate or otherwise modify or terminate the effect of this stipulation and protective order. Any modification to the protective order requires further stipulation of the Parties and court order, or by motion to the court for good cause.

8. The improper disclosure of any confidential writings, materials, or information obtained under this stipulation and protective order, or any other violation of this protective

*Neitzel v. County of Marin, et al./#C 05 3128 JL*
Stipulation And Protective Order

order by any person or entity, shall render the offending person or entity subject to such sanction as the Court deems appropriate.

Dated: January 25, 2006

SCARLETT LAW GROUP

By: _____
Robert E. Ormiston
Attorneys For Plaintiff

Dated: January 25, 2006

HAAPALA, ALTURA
THOMPSON & ABERN, LLP

By: _____
Clyde A. Thompson
Attorneys for Defendants

## PROTECTIVE ORDER

The court having considered the proposed stipulation regarding the records, writings and documents of or relating to the parties to this action, and there being good cause, the records and documents described in this protective will be maintained in accordance with the provisions of this stipulation.

IT IS SO ORDERED.

Dated: January 27, 2006



IT IS SO ORDERED
Judge James Larson

Honorable
Chief Magistrate
United States

*Neitzel v. County of Marin, et al./#C 05 3128 JL*
Stipulation And Protective Order

4

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534