UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID NEITZEL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF MARIN, ET AL.,<br><br>        Defendants.<br>_____/ | No. C 05-3128    JL<br><br>**BRIEFING ORDER ON ATTORNEYS' FEES** |

### Introduction

This Court has original jurisdiction over this case pursuant to Amendments Eight and Fourteen to the U.S. Constitution, the Civil Rights Act of 1964, 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343. The Court has pendent jurisdiction over Plaintiff's claims under California law. All parties consented to this Court's jurisdiction as provided by 28 U.S.C. §636(c) and Civil Local Rule 73.

### Factual and Procedural Background

Briefly, Plaintiff Jacob David Neitzel has a history of mental illness, was incarcerated in the Marin County Jail, attempted suicide by jumping from a tier and was seriously brain-injured. He filed this lawsuit against the County of Marin and individual Defendants by his conservator, his mother, Mary Catherine Powers-Neitzel. The parties settled the case and the settlement was approved by Ms. Powers-Neitzel, the Marin County Board of Supervisors and the Claims Review Committee of the California State Association of

Counties - Excess Insurance Authority. The parties appeared before the Court for a hearing to approve the terms of the settlement.

## Terms of the Settlement Agreement

The basic terms of the settlement are that defendant County of Marin is to pay the total sum of $300,000, that the parties are to bear their own costs and attorneys' fees, that Plaintiff is to release Defendants from all known and unknown claims relating to the allegations in the complaint; and that a dismissal with prejudice of the action is to be filed. (Plaintiff's Petition to Approve Settlement at 2, *Id.* at Ex. A; Factual contentions below are from Plaintiff's Petition).

Plaintiff's mother was appointed as his conservator in the case entitled *Conservatorship of Jacob David Neitzel*, Marin County Superior Court Case No. PR 050198. (*Id.* at Exs. B and C). Plaintiff will live with his mother, as he has since his release from the hospital. Ms. Powers-Neitzel will deposit the proceeds of the settlement into a Special Needs Trust for her son, which will supplement his Medi-Cal coverage and pay for items he needs which are not covered by Medi-Cal.

One complication to the settlement is a lien in the approximate amount of $233,837.81 in favor of the California Department of Health Services/Medi-Cal. Plaintiff's counsel is negotiating with Medi-Cal to reduce the amount of the lien to $90,000 or less.

If no further reduction of the Medi-Cal lien is obtained, then Jacob Neitzel, through the Special Needs Trust, will net approximately $93,043 from the settlement ($300,000 gross settlement, less $116,957 attorneys' fees and costs, less $90,000 Medi-Cal lien). If the lien is further reduced, Neitzel will net more. The Conservatorship is exploring the option of the Special Needs Trust purchasing an annuity for the benefit of Jacob Neitzel.

The Court finds most of the terms of the settlement to be in order but has some reservations about the amount of attorneys' fees.

## Analysis

The Probate Code in many respects treats conservatees the same as minors. In contingent fee cases, a court will normally award reasonable fees up to 25% of the total

recovery after deduction of costs and liens. The fee contract between the attorney and the guardian must be approved by either the court in which the guardianship was set up or the court having jurisdiction over the litigation.

Probate Code § 3601(a) provides for reasonable attorneys' fees to be awarded to a conservator in a case involving money or property paid under compromise or judgment for a minor or disabled person. The Court has not seen the fee agreement in this case but presumes that it is for a contingent fee. The Probate Code provides for reasonable attorneys' fees in contingent fee cases and presumes that 25% of the recovery is reasonable. In the case at bar, the attorneys' fees and costs are more than 33% of the total recovery and more than 50% of the recovery after deduction of the Medi-Cal lien. Plaintiff's counsel has not submitted an itemization of the fees and costs incurred. The Court requires such an itemization in order to determine whether the attorneys' fees are reasonable.

The Court examined the issue in several treatises:

> (1) [12:577] **Contingency fee cases:** The court may allow attorney fees under a valid contingency fee agreement so long as the fees are *reasonable*. [CRC (Probate Rules) 7.955]
> Many courts require a showing of 'good cause' to award more than 25% of any recovery. [See L.A. Sup.Ct. Rule 10.187(e); Orange Sup.Ct. Rule 368; San Diego Sup.Ct. Rule 2.37B]
> *Comment:* As a practical matter, awards for more than 25% of the recovery in minor's cases are rare and are justified only when counsel proves that he or she provided *extraordinary* services.
>
> CACIVP CH. 12(II)-B

§ 2646]

> a. [5:374] **Contingency fees:** A contingency fee contract on behalf of a ward or conservatee is valid provided the contract is made pursuant to a court order authorizing the guardian or conservator to enter into the contract or the contract has received judicial approval. [Prob.C. § 2644(a)]
>
> CAPROFR CH. 5-C
>
> (a) Where it is to the advantage, benefit, and best interest of the ward or conservatee or the estate, the guardian or conservator of the estate may contract with an attorney for a contingent fee for the attorney's services in representing the ward or conservatee or the estate in connection with a matter that is of a type that is customarily the subject of a contingent fee contract, but such a contract is valid only if (1) the contract is made pursuant to an order of the court authorizing the guardian or conservator to execute the contract or (2) the contract is approved by order of the court.

(b) To obtain an order under this section, the guardian or conservator shall file a petition with the court showing the advantage, benefit, and best interest to the ward or conservatee or the estate of the contingent fee contract. A copy of the contingent fee contract shall be attached to the petition.

(c) Notice of the hearing on the petition shall be given for the period and in the manner provided in Chapter 3 (commencing with Section 1460) of Part 1.

(d) As used in this section, "court" includes either of the following:

> (1) The court in which the guardianship or conservatorship proceeding is pending.
>
> (2) Where the contract is in connection with a matter in litigation, the court in which the litigation is pending.

West's Ann.Cal.Prob.Code § 2644

**Order**

Accordingly, Plaintiff's counsel is ordered to brief the issue of the reasonableness of the attorneys' fees' component of the settlement of this case, with particular attention to the authorities cited above. In addition, Plaintiff's counsel shall submit billing records to this Court for review to determine the reasonableness of counsel's fees and costs incurred. The Court will then make a finding whether there is good cause to award the requested fees. Plaintiff's counsel shall also provide the Court with a copy of the fee contract with Plaintiff's conservator and documentation that this contract was approved by the state court. The brief and supporting documents shall be filed no later than December 20, 2006

IT IS SO ORDERED.

DATED: November 16, 2006

_____
James Larson
United States Magistrate Judge